UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,　　　　　　　　No.　1:12-CR-17

vs.　　　　　　　　　　　　　　　　Hon.　Janet T. Neff

RAJU NAKUM,

        Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Raju Nakum and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>. The Defendant agrees to plead guilty to Count One of the Superseding Indictment charging conspiracy to pay and receive health care kickbacks, in violation of Title 18, United States Code, Section 371 and Title 42, United States Code, Section 1320a-7b(b). The statutory maximum sentence that the Court can impose for a felony violation of Title 18, United States Code, Section 371, is five years of imprisonment; three years of supervised release; a fine of $250,000.00 or not more than twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100.00. The Defendant agrees to pay the special assessment at or before the time of sentencing.

1

2. <u>The Defendant Understands the Crime.</u> In order for the Defendant to be guilty of conspiracy to pay and receive health care kickbacks, in violation of Title 18, United States Code, Section 371 and Title 42, United States Code, Section 1320a-7b(b), the following must be true:

First: That the defendant and at least one other person made an agreement to commit the crime of soliciting, receiving, offering or paying money in order to induce the referral of a Medicare or Medicaid patient;

Second: That the defendant knew the unlawful purpose of the agreement and joined it willfully, that is, with the intent to further the unlawful purpose;

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment in order to accomplish some object or purpose of the conspiracy.

3. <u>Asset Forfeiture.</u> The Defendant agrees to forfeit the funds constituting approximately $10,842.87 seized from PNC bank account No. 4253647759 held in the name of Raju G. Nakum and Rekhaben Rajubhai Nakum, listed in the Bill of Particulars filed on or about July 12, 2012. The Defendant acknowledges and agrees that these funds constitute or are derived from proceeds traceable to the conspiracy to pay and receive health care kickbacks charged in Count 1 to which the Defendant is pleading guilty and are forfeitable to the Government pursuant to 18 U.S.C. 981(a)(1)(C). The Defendant further agrees not to assist any individual in making any claim to these funds in an ancillary criminal forfeiture proceeding held pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure and 21 U.S.C. 853(n). The Defendant further agrees to take any

2

measures necessary to see that the funds are forfeited to the Government and to not contest forfeiture of any of the other property listed in the Bill of Particulars filed on or about July 12, 2012 with respect to other individuals charged in the Superseding Felony Indictment. The Defendant's cooperation with respect to the forfeiture of these funds and to the other party listed in the Bill of Particulars shall include, but not be limited to, providing testimony in a contested forfeiture proceeding. The Defendant agrees to the entry of an order of forfeiture at or before sentencing with respect to the $10,842.87 from PNC bank account no. 4253647759 and to forfeiture of the same.

4. <u>Program Exclusion</u>. The Defendant understands that upon Defendant's conviction, pursuant to Title 42, United States Code, Section 1320a-7, the Defendant will be mandatorily excluded from participation as a provider in any Federal health care program, as defined in section 1320a-7b(f), for a period of at least five years.

5. <u>Cooperation in Criminal and Civil Investigations</u>. The Defendant agrees to fully cooperate with the Department of Health and Human Services, Office of Investigations, the Federal Bureau of Investigations, the U.S. Attorney's Office and any other law enforcement agency in their investigation of the charges contained in this Indictment as well as the investigation of crimes and civil health care matters over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes

and civil matters, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which Defendant is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal and civil activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

  6. <u>Agreements by the United States Attorney=s Office.</u>

    A. <u>Acceptance of Responsibility</u>. The United States Attorney=s Office agrees not to oppose the Defendant=s request for a two-level reduction of the offense level for acceptance of responsibility under USSG '3E1.1(a). However, the U.S. Attorney=s Office reserves the right to object to Defendant=s request if it

4

subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to USSG '3E1.1. Should the Court grant a two-level reduction, the United States Attorney's Office will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to USSG '3E1.1(b) based on the Defendant=s timely plea.

B. <u>Dismissal of Remaining Counts and Agreement Not To Further Prosecute</u>. The United States Attorney's Office agrees to move to dismiss any remaining counts of the Indictment as against the Defendant at the time of sentencing. The Defendant acknowledges that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range.

The United States Attorney's Office agrees not to bring additional criminal charges against the Defendant in the Western District of Michigan arising out of the Defendant's work as a health care professional provided that the conduct is disclosed to the Government by the Defendant or Defendant's attorney prior to the date of this agreement. The Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence - including any distribution of controlled substances, misbranding or adulteration, or health care fraud resulting in serious bodily injury or death - or criminal tax

5

violations, including conspiracy to commit such violations chargeable under 18 U.S.C. ' 371.

    7.    <u>The Sentencing Guidelines</u>. The Defendant understands that, although the Sentencing Guidelines are not mandatory, the Court must consult the Sentencing Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant=s attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Sentencing Guidelines range and the sentence to be imposed. The Defendant further understands that the Court may impose a sentence within, above, or below the Sentencing Guidelines range, subject to the statutory maximum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the sentence shall not constitute a basis for withdrawal of the plea.

    8.    <u>Sentencing Guidelines Stipulations</u>. Pursuant to USSG §6B1.4, the parties stipulate to the following:

    A.    The amount of the fraud loss attributable to this Defendant is less than $1,000,000.00 pursuant to USSG §2B1.1(b)(1).

    B.    The offense did not involve multiple victims pursuant to USSG §2B1.1(b)(2).

    C.    The Defendant did not abuse a position of trust or use a special skill in committing the offense pursuant to USSG §3B1.3 given

                that consideration of abuse of trust is included in the base offense level.

The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the United States Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court and to correct any and all factual misstatements relating to the calculation of the sentence. The Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, the Defendant cannot, for that reason alone, withdraw his guilty plea.

      9.     <u>Possibility of Sentence Reduction Motions</u>. The U.S. Attorney=s Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines '5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney=s Office. The Defendant fully understands that this paragraph is not a promise by

the Government to file a motion for departure or to reduce a sentence. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court C not the Government C would decide how much of a sentence reduction Defendant receives based upon the nature and extent of Defendant=s assistance. The Defendant acknowledges and agrees that he may not appeal the Court=s exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

10. <u>Hyde Waiver</u>. The Defendant acknowledges, by this voluntary admission of guilt, that the position of the United States Attorney=s Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

11. <u>Waiver of Appeal and Collateral Attack</u>. The Defendant understands that the law affords the Defendant the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. ' 3742. The Defendant retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. In addition, the Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion,

8

national origin or gender. The Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney=s Office in this plea agreement, including those enumerated in paragraph 5 of this agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. ' 2255, except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel. This agreement does not affect in any way the right of the United States Attorney=s Office to appeal the sentence imposed by the Court.

    12. <u>The Court is Not a Party to This Agreement</u>. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the United States Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one B not the prosecutor, the Defendant's attorney, or the Court B can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

    13. <u>Consequences of Breach</u>. If the Defendant breaches any provision of this agreement, whether before or after sentencing, the United States will have the

9

right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement will be considered null and void, and the parties will return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant will remain liable for prosecution on all original charges, and the United States will be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

14. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor any additional agreements, understandings or conditions entered into unless in a writing signed by all parties or on the record in open court.

PATRICK A. MILES, Jr.
United States Attorney

Date: 10/15/12

*Raymd E Becky III*
RAYMOND E. BECKERING III
ADAM B. TOWNSHEND
Assistant United States Attorneys
United States Attorney's Office
Western District of Michigan

10

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Date: 10/15/2012

RAJU NAKUM

I am Raju Nakum's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 10/15/2012

MICHAEL R. BARTISH
Attorney for Raju Nakum